UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETURA BILLIE,<br>    *Plaintiff*,<br><br>    *v.*<br><br>JUDGE AURIGREMMA, *et al.*,<br>    *Defendants*. | Civil No. 3:13-cv-1432 (JBA)<br><br>December 5, 2013 |

**RULING ON PLAINTIFF'S EMERGENCY
MOTION FOR INJUNCTIVE RELIEF**

On September 27, 2013, Plaintiff Petura Bille, proceeding pro se, filed [Doc. # 1] a twenty-count Complaint for "RICO remedies" against eight state court judges, two attorneys, a member of the Connecticut Judicial Review Counsel, the Banking Commissioner of the State of Connecticut, the Attorney General's Office, and the City of Hartford.[1] Plaintiff asserts claims under RICO and the Hobbs Act arising from an allegedly fraudulent mortgage issued to her, as well as allegations of mail and wire fraud, extortion, violations of her First, Fourth, Fifth, Seventh and Fourteenth Amendment rights, civil conspiracy and/or collusion, fraud by commission and misrepresentation, gross negligence, violation of Article Six of the United States Constitution, violation of the War Crimes Act of 1949, and the "tort of outrage."

On October 9, 2013, Magistrate Judge Margolis issued a Ruling [Doc. # 7] granting Plaintiff's Motion [Doc. # 2] for Leave to Proceed In Forma Pauperis, and

---

[1] Plaintiff has not served Defendants with a summons and complaint in this action as required by Fed. R. Civ. P. 4.

recommending partial dismissal.  Pursuant to the in forma pauperis statute, 28 U.S.C. § 1915,  Magistrate Judge Margolis, recommended dismissal of all claims against the eight state court judges due to judicial immunity, Count One[2] for mail/wire fraud and Counts Two through Five for Hobbs Acts violations because neither criminal statute provides private rights of action, Count Nineteen for War Crimes Act violations for failure to state a plausible claim for relief, and Count Thirteen because the Seventh Amendment it is not applicable to the states.  (Ruling at 2–6.)

Magistrate Judge Margolis also determined that Plaintiff's Complaint insufficiently detailed the elements of a RICO violation, that the fraud claims failed to comply with Fed. R. Civ. P. 9(b), and that the constitutional claims against the non-judge Defendants failed to allege the required state action.  (*Id.* at 4–6.)  Magistrate Judge Margolis granted Plaintiff leave to file an amended complaint to correct these deficiencies.[3]  Magistrate Judge Margolis did not recommend dismissal of Plaintiff's remaining claims against Defendants Michael Darcy, Glenn Terk, and Seth Jacoby—who were alleged to have been involved in issuing a fraudulent mortgage—in Count Fourteen (civil conspiracy), Count Sixteen (negligence), and Count Twenty (the "tort of outrage," construed as intentional infliction of emotional distress).  (Compl. at 39–40, 42–43, 58–50.)

---

[2] Plaintiff incorrectly numbered the counts in her Complaint.  For clarity, the Court refers to the correctly renumbered counts, as set forth by Magistrate Judge Margolis in the Ruling.  (*See* Ruling at 1 n.1.)

[3] Plaintiff was granted an extension of time [Doc. # 10] until December 15, 2013 to object to the Recommended Ruling.  Plaintiff was also granted [Doc. # 12] an extension of time to file an amended complaint until after this Court's ruling on Plaintiff's anticipated objection to the Recommended Ruling.

A.    **Emergency Motion**

On November 21, 2013, Plaintiff filed [Doc. # 13] an "Extremely Sensitive Injunction Emergency Motion For Stay/Restraining Order Pending a Hearing," seeking "appropriate relief to prevent and to restrain further RICO violations, including but not limited to cease . . . any further proceedings by judgments, decree and orders by government officials until the disposition of this case." (*Id.* at 1.) Plaintiff seeks a stay of proceedings on a foreclosure judgment obtained against her in the Hartford Superior Court on February 16, 2010 until disposition of her Complaint in this action. (Pl.'s Mot. at 2, 10.) Plaintiff alleges that Defendant Darcy obtained the judgment against her for strict foreclosure by "fraud, deceptive, misrepresentation, and circumvention of the law," and Superior Court Judge Robaina denied Plaintiff's "Emergency Motion to Open Judgment for Mortgage fraud." (*Id.*)

While not clearly stated, Plaintiff appears to base her Emergency Motion on the criminal fraud claims, which have been recommended for dismissal, or on her civil fraud claims, which are currently deficiently pled.  In any event, any claims contesting the validity of the state court foreclosure judgment are precluded by the *Rooker-Feldman* doctrine, which generally directs a federal court to abstain from considering claims when the following four requirements are met: "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *Remy v. New York State Dep't of Taxation & Fin.*, 507 F. App'x. 16, 18 (2d Cir. 2013) (quotations omitted).  "[T]he applicability of the *Rooker–Feldman* doctrine turns not on the *similarity* between a party's state-court

3

and federal-court claims . . . but rather on the *causal relationship* between the state-court judgment and the injury of which the party complains in federal court." *McKithen v. Brown*, 481 F.3d 89, 97–98 (2d Cir. 2007).

Plaintiff alleges that she lost in state court, in the foreclosure action on her motion to reopen judgment, has suffered damages as a result, and seeks review of such judgment and an order from this Court vacating such judgments and enjoining the state court from proceeding with foreclosure against her. Further, Plaintiff's request for injunctive relief against state court action is precluded by the Anti-Injunction Act, which provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.

To the extent that Plaintiff seeks relief from an ongoing rather than a finalized state proceeding, her claims would be barred by *Younger* abstention rather than *Rooker-Feldman*. *See Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003) ("*Younger* abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims."). Accordingly, this Court must abstain from interference in the state foreclosure proceeding and Plaintiff's emergency motion for injunctive relief is denied.

II.     **Conclusion**

For the foregoing reasons, Plaintiff's emergency motion for injunctive relief [Doc. # 13] is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 5th day of December, 2013.