UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETURA BILLIE,<br>    *Plaintiff,*<br><br>    *v.*<br><br>JUDGE AURIGREMMA, *et al.*,<br>    *Defendants.* | Civil No. 3:13-cv-1432 (JBA)<br><br>March 19, 2014 |

**RULING ON PLAINTIFF'S MOTIONS FOR
RECONSIDERATION AND FOR INJUNCTIVE RELIEF**

On December 5, 2013, the Court denied [Doc. # 14] Plaintiff Petura Bille's motion for a temporary restraining order seeking a stay of proceedings on a foreclosure judgment obtained against her in the Hartford Superior Court on February 16, 2010.  Plaintiff's Complaint sought "RICO remedies" against eight state court judges, two attorneys, a member of the Connecticut Judicial Review Counsel, the Banking Commissioner of the State of Connecticut, the Attorney General's Office, and the City of Hartford.

On January 10, 2014, Plaintiff filed [Doc. # 22] a Motion for Reconsideration of this ruling, and on February 10, 2014 [Doc. # 30] she filed what she titled an "Urgent Extremely [Sensitive] Affidavit Breach of Federal Court Protective Order By The Lower Court."[1]

---

[1] On January 8, 2014, the Court approved [Doc. # 19], the Recommended Ruling of partial dismissal of Plaintiff's Complaint dismissing Counts 1, 2, 3, 4, 5, 13 and 19 for failure to state a claim upon which relief can be granted, and all claims against the eight judges named as defendants on the basis judicial immunity.  Defendants have not been served with a summons and complaint in this action as required by Fed. R. Civ. P. 4.  On January 16, 2014, the Clerk's Office sent [Doc. # 23] Plaintiff copies of the USM 205

## I.    Legal Standard

Motions for reconsideration require the movant to set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order." Loc. Civ. R. 7(c)1.  The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478).  This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995).  If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id.*

## II.    Discussion

In its ruling denying Plaintiff's motion for a temporary restraining order, the Court discussed two separate grounds for its inability to intervene in an ongoing state court foreclosure proceeding: the Ani-Injunction Act and the *Younger* abstention doctrine.  (Order Denying TRO at 3–4.)

---

Form, which must be completed and returned to the Clerk's Office in order for the United Sates Marshalls to be able to serve Defendants.

In her motion for reconsideration, Plaintiff disputes the Court's conclusion that the Anti-Injunction Act, 28 U.S.C. § 2283, precludes the Court from enjoining her ongoing state court action.  (Pl's Mot. at 8–9.)  The Anti-Injunction Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.  Noting that the act provides an exception where an injunction is "expressly authorized by Act of Congress" or "necessary in aid of its jurisdiction," Plaintiff contends that the Anti-Injunction Act does not apply to her claims under 42 U.S.C. § 1983 and RICO and those seeking relief for violations of her constitutional rights and for mortgage fraud.  (Pl's Mot. at 8–9.)

"Federal courts cannot enjoin state-court proceedings unless the intervention is authorized expressly by federal statute or falls under one of two other exceptions to the Anti-Injunction Act."  *McFarland v. Scott*, 512 U.S. 849, 857 (1994).  The statutes that Plaintiff cites do not, however, provide any such express exception to the Anti-Injunction Act and Plaintiff does not cite any authority for the proposition that these statutes authorize a federal court to enjoin state court proceedings.  Additionally, in its original ruling, the Court noted that intervention in Plaintiff's ongoing state court action was also barred by *Younger* abstention.  Accordingly, Plaintiff's motion for reconsideration is denied.

Plaintiff's February 10, 2014 affidavit, which the Court will construe as another motion for a temporary restraining order, also seeks to enjoin the ongoing state court proceeding on the basis that despite the filing of the Complaint in this action, on

3

December 30, 2013, Judge Robaina granted an execution for ejectment on Plaintiff's property.  (Affidavit at 9.)  Plaintiff contends that this action violated her constitutional rights and requests that this Court (1) "order the seizure and warrant" of Plaintiff's property, (2) order Judge Robaina to vacate the execution papers, and (3) for Defendants to "cease and desist obstruction of Justice." (*Id.* at 10–11.)  As discussed above, however, the claims against Judge Robaina have been dismissed.  Additionally, for the reasons discussed above, absent statutory authority under the Anti-Injunction Act or the applicability of an exception to the *Younger* abstention doctrine—neither of which are present in this case—the Court cannot intervene in an ongoing state court foreclosure proceeding and has already addressed Plaintiff's requests for the injunctive relief sought. Accordingly, any injunctive relief sought in Plaintiff's affidavit [Doc. # 30] is denied.

## III.    Conclusion

For the reasons discussed above, Plaintiff's motion [Doc. # 22] for reconsideration and motion [Doc. # 30] for injunctive relief are DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 19th day of March, 2014.

4